. In re B. FEINBERG & SONS.

(District Court, D. Massachusetts. January 17, 1910.)

No. 13,753.

BANKRUPTCY (§ 385*)—CLAIMS—ALLOWANCE—SURRENDER OF PREFERENCE—EXISTENCE OF TRUSTEE.

Where there was a trustee of a bankrupt capable of acting when proofs of certain claims were filed and for eight months prior thereto, and he was not discharged for several weeks after they were filed, the fact that the claims were not submitted for allowance until after the trustee was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

discharged and his account allowed, and the composition confirmed, did not prevent the referee from allowing them only on condition of surrender of a preference, under Bankr. Act, § 57g (Act July 1, 1898, c. 541, 30 Stat. 560, 562 [U. S. Comp. St. 1901, pp. 3443, 3445]), providing that claims of creditors who have received preferences voidable under section 60b, by the trustee, shall not be allowed unless the preferences are surrendered, since the estate could be reopened, if necessary, as authorized by section 2 (8), in order that a trustee be appointed to receive the preference.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 385.*]

In Bankruptcy. In the matter of bankruptcy proceedings against B. Feinberg & Sons. On petition to review a referee's order requiring surrender of preferences as a condition of allowance of certain claims. Sustained.

Alexander Whiteside, pro se.
Morse & Friedman, for bankrupts.

DODGE, District Judge. These claims were presented for allowance by the trustee in bankruptcy of one Herschman. They amount in all to $3,834.15. They have been allowed by the referee "upon surrender of $3,803.78 found to be a preference." The referee has found, and it is agreed, that within four months preceding their bankruptcy these bankrupts transferred to Herschman, and Herschman received from them, property upon which he realized $3,803.78; these bankrupts being at the time insolvent, intending by the transfer to give Herschman a preference, and with reasonable cause on Herschman's part to believe their intention to be to give him a preference by such transfer.

If this finding is correct, it follows that the transfer is voidable by the trustee, under section 60b of the bankruptcy act; and section 57g requires that claims of creditors who have received preferences voidable under section 60b shall not be allowed, unless such creditors shall surrender such preferences. Act July 1, 1898, c. 541, 30 Stat. 560, 562 (U. S. Comp. St. 1901, pp. 3443, 3445).

Herschman's trustee in bankruptcy contends that the transfer here in question, though otherwise voidable under section 60b, is not "voidable by the trustee" under the circumstances of the present case, because there was on July 30, 1909, when the referee disallowed the claims, no trustee by whom it could be avoided.

Adjudication was ordered in this case June 2, 1908, on an involuntary petition against the bankrupts filed May 15, 1908. A trustee was duly appointed and qualified July 6, 1908. A composition offer was made and reported by the referee for confirmation March 3, 1909. Proof of the claims now in question was presented to the court March 29, 1909, and at once transmitted to the referee in the usual course. The referee's action regarding them, above stated, was taken on July 30, 1909. Meanwhile, pending the confirmation of the composition, the trustee's final account was allowed, and he was discharged by the referee on May 11, 1909. The composition was confirmed July 13, 1909.

The above dates show that on March 29, 1909, when these proofs

were filed in court, there was a trustee capable of acting in the case. There had been such a trustee for eight months before the proofs were filed. He was not discharged for several weeks after they were filed. There seems to be no dispute that the preference, which this creditor has been required to surrender, was voidable by the trustee while there was a trustee; and, if so, no other course would have been open to the referee, had these claims been submitted to him for allowance before May 11th, than to require surrender of the preference as a condition of allowing the claims. I am unable to regard the mere fact that they were not so submitted until after the trustee's discharge on May 11th as having put them in a different category, rendering section 60b inapplicable to them.

It is true that there is now no trustee to receive a surrender, if made; but this is an objection removable, if in no other way, by a reopening of the estate under section 2 (8). It is true that whatever may be surrendered will go back to the bankrupt, by reason of the confirmation of the offered composition and the partial distribution which has been made under it; but if there had been a surrender to the trustee before May 11th, so as to have been accounted for by him, no other disposition of what had been surrendered would have resulted after the confirmation of the same composition. It is said that the result of requiring this surrender will be different from that which sections 57g and 60b are intended to secure; but, as it seems to me, the provisions of these sections must be presumed to have been in the minds of the creditors of the estate when acceptance of this composition was voted, and the acceptance to have been voted upon the understanding that claims, not then proved and allowed, would be thereafter allowed, so as to share in the composition, only upon the statutory conditions.

The facts agreed are claimed to show that the result of the referee's order will be to work out a result inequitable as between this estate and the estate of Herschman; but it seems to me now too late to enter upon an investigation of this question. I think it a question which, if investigated at all in these proceedings, ought to have been raised before the composition was confirmed.

The referee's order is therefore approved and affirmed.

